FILED & JUDGMENT ENTERED
Christine F. Winchester

Nov 29 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### SHELBY DIVISION

IN RE:

DOUGLAS ERIC BEAM                                         Case No. 10-40780
SSN: xxx-xx-3233                                          Chapter 12

                Debtor.

## ORDER DIRECTING TURNOVER OF PROPERTY

THIS MATTER having come before the Court on October 29, 2010 upon the motion (the "Motion") of the above-captioned debtor and debtor in possession in this chapter 12 case (the "Debtor"), seeking entry of an order compelling Case Farms, LLC ("Case Farms") to turnover certain funds pursuant to section 542 of the Bankruptcy Code. Counsel for the Debtor appeared at the hearing. The Court has reviewed the Motion, and has heard and considered the statements of counsel, considered the evidence before it and by entry of this Order the Court makes the following:

### FINDINGS OF FACT

1.      On September 22, 2010 (the "Petition Date"), the Debtor filed a voluntary petition

under Chapter 12 of the Bankruptcy Code with this Court. The Debtor continues in possession of his property and the management of his business and affairs as a debtor-in-possession, pursuant to section 1203 of the Bankruptcy Code. The Debtor has not been removed as debtor-in-possession pursuant to section 1204 of the Bankruptcy Code.

2. Debtor has been and continues to be engaged in the business of raising and managing poultry flocks for poultry production companies that provide poultry flocks and certain related supplies to Debtor on a consignment basis.

3. In the ordinary course of his business and affairs, Debtor entered into a Broiler Production Agreement (the "Agreement") with Case Farms, Case Farms, the primary poultry production company to which Debtor provides his services. This Agreement was executed by the parties thereto on September 28, 2009.

4. Pursuant to the Agreement, Debtor agreed to accept, care for, and manage flocks of consigned chicks until they are moved to market" at the direction of Case Farms. For these "growing services" provided, Case Farms agreed to pay Debtor according to a payment schedule embodied in the Agreement. Per industry custom, payment to Debtor was made after each flock was moved to market.

5. Immediately prior to the Petition Date, Debtor completed providing services to Case Farms for one consigned flock and payment was owed to Debtor on account of these services provided.

6. On the Petition Date, Debtor notified Case Farms of the commencement of the case and subsequently requested that Case Farms pay the current amount owed to Debtor (as debtor-in-possession) under the Agreement. Partial payment was made by Case Farms on September 23, 2010 in the amount of $12,592.25 as evidenced by the Settlement Statement sent to Debtor by Case Farms on September 23, 2010. The Settlement Statement indicates that $14,342.25 would be paid by Case

Farms to the Debtor, but Case Farms paid over $1,750.00 to Absolute Poultry, a vendor of the Debtor, per prior agreement with the Debtor pre-petition and, thus, paid the Debtor the aforementioned sum net of the sum paid to Absolute Poultry.

7.  Case Farms owes the Debtor an additional sum of $24,000.00 which it would have, absent the Debtor's filing of this case, paid over to the North Carolina Agricultural Finance Authority ("NCAFA"), the Debtor's senior, secured lender on a substantial portion of his farm. Said payment would have been made pursuant to an agreement entitled Assignment of Proceeds From Sale of Products ("Assignment") between the Debtor, Case Farms and NCAFA which required Case Farms to pay over to NCAFA the sum of $24,000.00 from each chicken flock produced by the Debtor for Case Farms. The Assignment was executed by the parties thereto on May 21, 2009. The remaining balance of $24,000.00 owed under the Broiler Agreement is, upon information and belief, being held by Case Farms pending further order of this Court.

8.  The Debtor is in need of these funds to, among other things, make improvements to his chicken houses to be able to receive future consigned chicken flocks from Case Farms, to make payments to Duke Power due under agreement between the Debtor and Case Farms pursuant to Duke Power's rights under 11 USC 366, to purchase propane for his next consigned chicken flock and to paid undersigned counsel per future order of this Court.

9.  Absent the relief sought, the Debtor will not be able to effectively reorganize his business and affairs.

10. The parties have indicated their consent to the entry of this order by their signatures below.

## CONCLUSIONS OF LAW

1.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E), and this Court has authority to enter this Order under 11 U.S.C. § 542.

2. Due and appropriate notice was given to all parties in interest in this case

3. Case Farms is an entity, as specified in section 542 of the Bankruptcy Code, holding funds which are property of the Debtor's bankruptcy estate as defined in section 541 of the Bankruptcy Code.

4. The Debtor is entitled to possession of the funds held by Case Farms to be used pursuant to further order of this Court.

5. By indicating their consent below, NCAFA waives any right it may have under the Assignment to assert a claim against Case Farms for failure to pay the sum that is the subject of the instant turnover motion directly to NCAFA.

Based on the foregoing, it is THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. Case Farms shall deliver forthwith to the Debtor the aforementioned funds within five (5) days from the date of the Entry of this Order.

We Consent:

/s/ Joshua Farmer_____
Joshua Farmer, counsel for Debtor

/s/ Glenn Thompson_____
Glenn Thompson, counsel for Case Farms

/s/ Frank Bordeaux_____
Frank Bordeaux, NCAFA

/s/ Steven Tate_____
Steven Tate, Trustee

This order has been signed electronically.       United States Bankruptcy Court
The judge's signature and the Court's            Western District of North Carolina
seal appear at the top of the Order.